# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **PERSONAL TOUCH BY J.R. RIVAS, INC.** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**REDWOOD FIRE AND CASUALTY INSURANCE COMPANY** )<br>)<br>**Defendant.** ) | Case Number: _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Redwood Fire and Casualty Insurance Company ("Redwood"), hereby gives notice of the removal of this action to the United States District Court for the Southern District of Alabama, Northern Division. As grounds for this removal, Redwood states as follows:

### PROCEDURAL BACKGROUND

1. Plaintiff Personal Touch by JR Rivas, Inc. ("Personal Touch") commenced a civil action against Redwood in the Circuit Court of Marengo County, Alabama (Case No. 48-CV-2019-900006), which is a state court within this judicial district and division.

2. Pursuant to 28 U.S.C. § 1446, true and correct copies of all pleadings filed in the state court pertaining to this matter as of this date are collectively attached

hereto as Exhibit 1.

3.   Personal Touch's Complaint was filed on January 18, 2019. (*See* Complaint beginning on p. 3 of Exhibit 1.) The Complaint contained an *ad damnum* clause, which claimed that the Plaintiff demanded judgment against the Defendant in an amount of $74,500.00 or less. (*See* Complaint, p. 3.) Therefore, based on the Complaint alone, the case was not removable. *See* 28 U.S.C. § 1446(c)(2).

4.   In its Complaint, Personal Touch alleges that Redwood refused to comply with the provisions of a workers' compensation policy after an employee presented a claim. (Compl., ¶¶ 3-4.) Personal Touch then alleges that Redwood approved the claim and terminated the insurance policy, resulting in Personal Touch having to secure a replacement policy with an excessive premium and an initial fee. (*Id.* ¶ 5.) The Complaint contains two unlabeled counts alleging "wrongful termination" of the insurance policy. (*See* Compl., ¶¶ 6-12.)

5.   On May 15, 2019, Redwood served interrogatories and requests for production on Personal Touch. (*See* May 15, 2019 Notice of Service of Discovery, p. 22 of Exhibit 1.) On August 23, 2019, Redwood served and filed a Motion to Compel discovery responses. (*See* August 23, 2019 Motion to Compel, beginning on p. 27 of Exhibit 1.)

6.   On August 26, 2019, Personal Touch served responses to interrogatories and requests for production. (*See* Notice of Electronic Filing, date

stamped by AlaFile on 8/26/2019, attached hereto as Exhibit 2.)  Personal Touch's written discovery responses are attached hereto as Exhibit 3.

7. In response to interrogatories requesting detail on and itemization of damages, Personal Touch responded that it was claiming damages of a $72,000 "participation premium" or "participation fee" as well as thousands of dollars in increased premium and punitive damages.  (*See* Responses to Interrogatories 2-4.)

## GROUNDS FOR REMOVAL – DIVERSITY JURISDICTION

### I. This Court Has Subject Matter Jurisdiction Under 28 U.S.C. §§ 1332 and 1441.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

### A. Removal Is Timely Pursuant to 28 U.S.C. § 1446(b)(3).

9. Where, as here, the case is not removable based on the initial pleading, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of . . . other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  Under § 1446(c)(2)(B), information relating to the amount in controversy contained in discovery responses "shall be treated as an 'other paper' under subsection (b)(3)."

10. Upon receipt of Personal Touch's discovery responses, it first became apparent that the amount in controversy exceeded $75,000. This Notice of Removal is filed within 30 days of Redwood's receipt of those discovery responses, which were mailed on August 26, 2019 and received by counsel for Redwood a couple of days later.

11. While the interrogatories are dated August 6, 2019 and the handwritten date on Plaintiff's Notice of Filing Discovery Responses is dated August 6, 2019, Personal Touch served its discovery responses by U.S. Priority Mail on August 26, 2019. This is evidenced by the electronic date stamp on the Notice of Electronic Filing generated by AlaFile that is attached as Exhibit 2. Additionally, the letter from Plaintiff's counsel and the envelope containing the discovery responses were dated/postmarked August 26, 2019. (*See* Envelope and Letter from Plaintiff's counsel, attached hereto as Exhibit 4.)

12. Furthermore, Redwood has filed this Notice of Removal within one year of the initiation of the state court action on January 18, 2019 as required by § 1446. Thus, this removal is timely.

**B. There Is Complete Diversity of Citizenship Between the Parties.**

13. Plaintiff Personal Touch by JR Rivas, Inc. is incorporated in Alabama and has its principal place of business in Demopolis, Alabama. (*See* Compl., ¶ 1.) Accordingly, Personal Touch is a citizen of Alabama. *See* 28 U.S.C. § 1332(c)(1).

14. Defendant Redwood Fire and Casualty Insurance Company is incorporated in Nebraska and has its principal place of business in Omaha, Nebraska. Accordingly, Redwood is a citizen of Nebraska. *See* 28 U.S.C. § 1332(c)(1).

**C. The Amount in Controversy Requirement Is Satisfied.**

15. Under 28 U.S.C. § 1446(c)(2)(A)(ii), a notice of removal can assert the amount in controversy if the complaint "seeks a money judgment, but the State practice . . . permits recovery of damages in excess of the amount demanded." With the exception of default judgments, Alabama practice does permit recovery of damages in excess of an amount demanded. *See* Ala. R. Civ. P. 54(c).

16. If the amount in controversy is in dispute, the defendant need only prove by a preponderance of the evidence that the jurisdictional threshold is met. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 553–54 (2014); 28 U.S.C. § 1446(c)(2)(B). A plaintiff's interrogatory responses listing expenses as damages in amount in excess of $75,000 is sufficient evidence that the amount in controversy is satisfied. *See Johnson v. Leevers Supermarket, Inc.*, No. 19-cv-21928-BLOOM/Louis, 2019 WL 3422943, at *2-3 (S.D. Fla. July 30, 2019).

17. Here, in its interrogatory responses, Personal Touch claims that its damages include a $72,000 participation fee and "greatly increased premium" it

incurred when the policy was canceled. (*See* Ex. 3, Responses 2 and 3.)[1] Response 2 further claimed that Personal Touch expended in excess of $871,995.00 for replacement insurance, when it claims the premiums for the Redwood policy were $599,552.00 for eleven months. (*See* Response 2.) It is not entirely clear from the response whether Personal Touch is claiming the difference in those amounts ($272,443) as damages, or if it is claiming the "participation fee" of $72,000 plus the increased amount paid for what would have been the final month of coverage under the Redwood policy had it not been canceled. Either way, a calculation of the latter using these amounts from the interrogatory responses would equal $84,161.53 claimed, satisfying the amount in controversy either way.

18.   Moreover, the interrogatory responses also state that Personal Touch is seeking punitive damages. (*See* Response 4.) This provides further evidence that the amount in controversy is over $75,000. *See Liscano v. Stegall*, Civil Action No. 17-557-CG-N, 2018 WL 1956122, at *2-3 (S.D. Ala. March 30, 2018), *report and recommendation adopted*, 2018 WL 1953026 (S.D. Ala. Apr. 25, 2018) (taking into account the plaintiffs' requests for punitive damages in stating that "it is inconceivable that the amount in controversy would not have exceeded the jurisdictional threshold for at least one Plaintiff" when they were seeking $70,000

---

[1] By stating these amounts in the Notice of Removal, Redwood is not agreeing that these amounts are accurate. Rather, Redwood repeats these amounts as evidence of the amount in controversy only.

and $72,000 in damages for lost wages respectively plus other compensatory and punitive damages).

19. Based on Personal Touch's claims about its compensatory damages and its claim of punitive damages, the amount in controversy is satisfied.

## II.   Redwood Has Satisfied the Other Requirements for Removal.

20. All defendants consent to removal, and no defendant is a citizen of Alabama. Redwood, the sole Defendant in this action, is a citizen of Nebraska, not Alabama.

21. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Circuit Court of Marengo County, Alabama.

22. Redwood reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses that may independently support a basis for removal. To the extent that remand is sought, or that diversity jurisdiction is otherwise examined by this Court, Redwood respectfully requests an opportunity to submit additional evidence, to further brief, take appropriate discovery, and to submit oral argument in support of this Notice of Removal.

WHEREFORE, Redwood respectfully removes this action from the Circuit Court of Marengo County, Alabama to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted,

/s/ Connie Ray Stockham
Connie Ray Stockham (ASB-6238-K69C)
Hannah Mebane Thrasher (ASB-4334-H58M)
Attorneys for Defendant
Redwood Fire and Casualty Insurance Company


OF COUNSEL:
**STOCKHAM, COOPER & POTTS, P.C.**
1111 Financial Center
505 North 20th Street
Birmingham, Alabama 35203
Telephone:  205.776.9000
Email:      cstockham@scplaw.net
            hthrasher@scplaw.net


## CERTIFICATE OF SERVICE

I do hereby certify that I have on this the 23rd day of September, 2019 served a copy of the foregoing document by U.S. Mail on the following:

Woodford W. Dinning, Jr.
Lloyd & Dinning, L.L.C.
Post Office Drawer 740
501 N. Walnut Avenue
Demopolis, AL 36732

/s/ Connie Ray Stockham
OF COUNSEL