# EXHIBIT 3

IN THE CIRCUIT COURT OF MARENGO COUNTY, ALABAMA

| | | |
|---|---|---|
| PERSONAL TOUCH BY JR RIVAS, INC., | § § § | |
| Plaintiff, | § § | |
| vs. | § | 48-CV-2019-900006.00 |
| REDWOOD FIRE AND CASUALTY INSURANCE, | § § § § | |
| Defendant. | § § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST DISCOVERY REQUESTS**

COMES NOW the Plaintiff, acting by and through its authorized officer, and in response to the Discovery Requests, would submit the following:

## INTERROGATORIES

1. Please identify all persons who assisted in preparing responses to these requests.

**RESPONSE: I, the undersigned, J. R. Rivas, along with my office manager, Debi Murray, assisted our attorney in the preparation of these responses.**

2. Itemize and describe with specificity each and every element of damages you claim to have sustained as a result of the incident alleged in the Complaint.

**RESPONSE: The Defendant cancelled the worker's compensation insurance policy which had an annual premium of $665,200.00, with only one month remaining under the policy. The final audit revealed that the premium was in fact $599,552.00 for the eleven (11) months. This left my business and its operations in peril, as we are not able to operate without worker's compensation insurance. With the cancellation being "on record", we had to expend an exorbitant amount to secure replacement insurance, expending in excess of $871,995.00 to secure replacement insurance, which included a $72,000.00 participation premium.**

3. Are you claiming any lost income or lost profit damages? If yes, please provide all banking information, including bank name, account holder name, and account number for all banking accounts for Plaintiff.

**RESPONSE: No, we are not claiming lost income or lost profit damages. Our damages consist of the "participation fee" and greatly increased premium that we had to incur in order to secure coverage when the policy was wrongfully terminated with only one month remaining under the**

1

policy.

4. Are you claiming any punitive damages? If yes, please describe the conduct that you claim entitles you to punitive damages.

**RESPONSE: Yes, if the Court will consider punitive damages, we would believe that they are in order. After paying the premium of $599,552.00, the Defendant had to pay out in losses only $51,626.20, resulting in the Defendant netting $547,925.80. The policy was wrongfully terminated with only one month remaining in the policy term, and that placed my business in a financially troubled position to secure replacement coverage.**

5. Identify each and every person that you believe might have knowledge of the facts made the basis of your Complaint.

**RESPONSE: In addition to my attorney, and myself, that would include Debi Murray, my office manager, and Jay Reynolds, my insurance agent, as well as Celia Thomas and Stephanie Halkias, employees of Personal Touch.**

6. Describe the replacement policy referenced in paragraph 5 of your Complaint, including providing the name of the insurance company that issued the policy, the policy number, policy period, premium cost, and named insured(s).

**RESPONSE: The replacement policies written with In-Source, along with the premiums paid for the thirty (30) days coverage are attached.**

7. Please identify each insurance agent or agency that was contacted about obtaining workers' compensation insurance for Personal Touch by JR Rivas, Inc., Personal Touch Enterprises, LLC, Rivas Family Enterprises, LLC, and/or Crimson Tide Trails, LLC at any time from 2014 to the present.

**RESPONSE: For the past nineteen (19) or twenty (20) years, the Plaintiff and the named entities have consulted solely with Marengo Insurance Agency, Inc. concerning its worker's compensation insurance.**

8. State the name, address, and telephone number of each and every person or representative of any company whom you expect to call as a witness at the trial of this case.

**RESPONSE: We expect to have Debi Murray testify, Jay Reynolds will testify, I will testify, and there may be employees who were covered by the policy that will have to testify, but as to other witnesses, this will have to be developed during the investigation by my attorney.**

9. State whether you expect to call any expert witnesses at the trial of this case, and, if so, state:

2

      a. The name and address of each such expert;
      b. The education, experience and qualifications of each such expert;
      c. The subject matter upon which each such expert is expected to testify;
      d. The substance of the facts and opinions to which the expert is expected to testify; and
      e. A summary of the grounds of each such opinion.

**RESPONSE: This has not yet been determined, but said information will be furnished when it is determined.**

10. Have you ever filed suit for any injury or damages prior to or subsequent to this suit? If so, describe any suits filed by you or on your behalf, giving the style, court, case number, name of your attorney (if applicable), and disposition of each case.

**RESPONSE: Yes, in 2014, a lawsuit was filed against Marengo Insurance Agency and the Alabama Worker's Compensation Self Insured Fund, Inc. concerning coverage for an employee that was killed in the course of his employment while working at a cement plant in Kentucky, this employee being Felipe Mata Vizcaya. The lawsuit was settled by mediation. That was 48-CV-2014-900157.00.**

## REQUESTS FOR PRODUCTION

1. Please produce all documents that you referenced or referred to in responding to the foregoing interrogatories.

**RESPONSE: Please see attached.**

2. All documents referencing or relating to Plaintiff's workers' compensation policies, policy numbers PEWC814155 and PEWC814724.

**RESPONSE: Please see attached.**

3. Please produce all documents and communications referencing or relating to the workers' compensation claim referenced in your Complaint.

**RESPONSE: Please see attached.**

4. Please produce the personnel file for the employee referenced in paragraph 11 of your Complaint.

**RESPONSE: Please see attached.**

5. Please produce all documents that relate to your contention in paragraph 11 of the Complaint that Defendant "retaliated" against you by cancelling the Policy.

**RESPONSE: Please see attached documents, labeled as follows:**

3

> "2018 Search for Coverage" Folder, including all sub-folders
> "Jay's Berkshire v. Insource Premium Calculations"
> "Berkshire Docs 11, 17, 18" Folder including:
> > "Other Claims on WC" Sub Folder
> > "Veronica Claim Info" Sub Folder
> "Crimson Tide Trails WC Info"

**This information was provided in the response for Request for Production #5**

6. Please produce the policy identified in your response to interrogatory number 6.

**RESPONSE: Please see attached.**

7. Please produce all other documents referencing or related to the policy identified in your response to interrogatory number 6, including without limitation any application for that policy.

**RESPONSE: Please see attached.**

8. Please produce all documents related to your search for workers' compensation insurance following the cancellation of the Policy.

**RESPONSE: Please see attached.**

9. All letters, memoranda, notes, records, or documents of whatsoever type or nature reflecting or relating to communications, if any, between you and Defendant Redwood or any employee or representative of Redwood at any time whatsoever.

**RESPONSE: Except for the documentation previously furnished, there are no additional such documents, and any other communication would have been by telephone.**

10. All documents evidencing the relationship between or among Personal Touch by JR Rivas, Inc., Personal Touch Enterprises, LLC, Rivas Family Enterprises, LLC, and/or Crimson Tide Trails, LLC.

**RESPONSE: There are no "documents" regarding this request other than the Articles of Incorporation or Articles of Organization that indicate each is owned by J. R. Rivas.**

11. All letters, memoranda, notes, records or documents of whatsoever type or nature reflecting or relating to communications between you and any other person or entity (with the exception of confidential communications between you and your lawyers) regarding this lawsuit or the facts and circumstances that serve as the basis for your claims in this lawsuit.

**RESPONSE: Attached please find copies of all documentation with respect to the subject matter**

4

made the subject of this litigation.

12. All letters, memoranda, notes, records or documents of whatsoever type or nature reflecting or relating to internal communications between or among your employees and/or the employees of any affiliated entity regarding this lawsuit or the facts and circumstances that serve as the basis for your claims in this lawsuit.

**RESPONSE: Furnished in response to the above responses to these Request for Production of Documents.**

13. All documents which you contend support or document your allegations in this lawsuit.

**RESPONSE: Furnished in response to the above responses to these Requests for Production of Documents.**

14. All documents which support your claims for damages.

**RESPONSE: Furnished in response to the above responses to these Requests for Production of Documents.**

15. If your answer to interrogatory number three was in the affirmative, produce all banking records from 2010 to the present.

**RESPONSE: Not applicable.**

16. If your answer to interrogatory number three was in the affirmative, produce all tax returns from 2010 to the present.

**RESPONSE: Not applicable.**

17. All documents pertaining to any workers' compensation coverage for Personal Touch by JR Rivas, Inc., Personal Touch Enterprises, LLC, Rivas Family Enterprises, LLC, and/or Crimson Tide Trails, LLC at any time from 2014 to the present, including without limitation all policies and applications for insurance.

**RESPONSE: All of said documents have been furnished in response to the above Requests for Production of Documents.**

18. All documents pertaining to any premium audits for workers' compensation coverage for Personal Touch by JR Rivas, Inc., Personal Touch Enterprises, LLC, Rivas Family Enterprises, LLC, and/or

5

Crimson Tide Trails, LLC at any time from 2014 to the present.

**RESPONSE: Replacement Policy (In-Source) that provided thirty (30) days of coverage, October 1, 2018 through October 31, 2018, never provided any audit information. We prepared some preliminary payroll data for them, they reviewed it, and contacted us with verbal instructions on how they wanted it adjusted. As to any audits from 2014 through 2017, there were none, as the payroll information was submitted monthly, and the billing was "in arrears" after the initial deposit.**

19. All liability insurance policies, with the exception of workers' compensation policies, issued to Personal Touch by JR Rivas, Inc., Personal Touch Enterprises, LLC, Rivas Family Enterprises, LLC, and/or Crimson Tide Trails, LLC covering any period of time within the years of 2016 to 2018, including without limitation all commercial general liability policies or employment practices liability policies.

**RESPONSE: See attached documents labeled as follows:**
  **"GL Policies 2016-2018" Folder**
  **"Crimson Tide Trails GL 2016-2018" Folder.**

20. Please produce all payroll records pertaining to the operation of Soggy Bottom Lodge from 2016 to 2018.

**RESPONSE: Please see attached.**

21. All documents relating to any other lawsuit filed by you against any insurance company or agency, with the exception of confidential communications between you and your attorneys.

**RESPONSE: This information was previously answered.**

RESPECTFULLY submitted this, the 6 day of August, 2019.

PERSONAL TOUCH INC BY JR RIVAS, INC.

_____
J. R. RIVAS, President

_____
WOODFORD W. DINNING, JR.
Attorney for the Plaintiff

6

OF COUNSEL:

LLOYD & DINNING, L.L.C.
Post Office Drawer 740
501 North Walnut Avenue
Demopolis, Alabama 36732
Telephone: (334) 289-0556

Facsimile: (334) 289-5506

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing pleading upon all counsel of record and/or parties of record to this proceeding by electronic transmission and/or U.S. Postal Service on this, the 6 day of August, 2019.

Connie Ray Stockham, Esq.
Hanna M. Thrasher, Esq.
Stockham, Cooper & Potts, P.C.
505 North 20th Street, Suite 1111
Birmingham, Alabama 35203

/s/ 
OF COUNSEL

7