IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PERSONAL TOUCH BY J. R. RIVAS, INC. | § § | |
| Plaintiff, | § § | |
| v. | § § | 2:19-cv-00704-KD-M |
| REDWOOD FIRE AND CASUALTY INSURANCE COMPANY, | § § § § | |
| Defendant. | § | |

## PLAINTIFF'S MOTION TO REMAND FOR LACK OF FEDERAL SUBJECT MATTER JURISDICTION

The Defendant, Redwood Fire and Casualty Insurance Company ("Defendant"), has removed this action from State Court to Federal Court predicating Federal jurisdiction on diversity under 28 U.S.C. § 1332. It should be noted, that the Defendant filed an Answer in the Marengo County Circuit Court on February 27, 2019, and specifically stated that "Redwood specifically denies that Plaintiff is entitled to any damages or relief from Redwood". Therefore, the Defendant claims it owes nothing to the Plaintiff.

In contrast, the Plaintiff, Personal Touch by J. R. Rivas, Inc. ("Plaintiff"), in its original Complaint, specifically demanded Judgment against the Defendant, Redwood Fire and Casualty Insurance Company, stating that "total damages claimed in Count One and Count Two of this Complaint is Seventy-Four Thousand Five Hundred and No/100s ($74,500.00) Dollars, or less". Therefore, the Plaintiff herein disputes the allegations of the Defendant that the amount in controversy exceeds Seventy-Five Thousand and No/100s ($75,000.00) Dollars.

The position taken by the Defendant is conflicting and contradicts itself. On the one hand, the Defendant submits to the Court that the Defendant owes <u>nothing</u> to the Plaintiff; on the other

hand, the Defendant submits to the Court that the amount in controversy or in dispute exceeds Seventy-Five Thousand and No/100s ($75,000.00) Dollars. The Plaintiff set out in its initial Complaint the amount claimed from the Defendant, and herein stipulates to the Court that the amount claimed does not equal or exceed Seventy-Five Thousand and No/100s ($75,000.00) Dollars. An affidavit to that effect is attached hereto.

Counsel for the Defendant has completely "mischaracterized" the Interrogatory Answers to misrepresent to the Court that the Plaintiff is claiming damages of Seventy-Two Thousand and No/100s ($72,000.00) Dollars, as well as thousands of dollars in increased premium and punitive damages. (Notice of Removal, page 3, ¶ 7). That was not the response of the Plaintiff.

The responses simply reflect the volume of the premiums paid, and refer to a Seventy-Two Thousand and No/100s ($72,000.00) Dollar participation premium. These are simply components of the damages for the Court to consider, but it does not show the Plaintiff actually claiming Seventy-Two Thousand and No/100s ($72,000.00) Dollars **plus** thousands of dollars in increased premiums and punitive damages as alleged by the Defendant. The Plaintiff set out in its initial Complaint the amount claimed from the Defendant, and herein stipulates unto the Court that the total amount claimed does not equal or exceed Seventy-Five Thousand and No/100s ($75,000.00) Dollars. The affidavit to that effect is attached hereto.

For federal diversity jurisdiction to attach, all parties must be completely diverse, and the amount in controversy must exceed Seventy-Five Thousand and No/100s ($75,000.00) Dollars. *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010). Redwood Fire and Casualty Insurance Company seeks to invoke federal jurisdiction, and the burden of satisfying the requirements of § 1332, including the requisite amount in controversy, must be by a preponderance of the evidence. *Dudley v. Eli Lilly and Co.*, 778 F.3d 909, 913 (11th

2

Cir. 2014). To meet this burden, the Defendant must show that it is either "facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum", or that there is "additional evidence demonstrating that removal is proper". *Roe v. Michelin North America, Inc.* 613 F.3d 1058, 1061 (11th Cir. 2010). In the case before this Honorable Court, it is clearly <u>not</u> facially apparent from the Complaint that the amount in controversy exceeds the sum of Seventy-Five Thousand and No/100s ($75,000.00) Dollars; in addition, the Plaintiff filed its Complaint which contained two (2) Counts, and specifically stated as follows:

> "WHEREFORE, the premises considered, your Plaintiff demands judgment against the Defendant, **Redwood Fire and Casualty Insurance**, in an amount to be determined by a Jury, consisting of compensatory damages, said total damages claimed in Count One and Count Two of this Complaint being Seventy-Four Thousand Five Hundred and No/100s ($74,500.00) Dollars, or less." (page 3 of Complaint)

Finally, as shown by the affidavit attached hereto, the Plaintiff verifies under oath that the amount claimed is less than Seventy-Four Thousand Five Hundred and No/100s ($74,500.00) Dollars, and his counsel, as an officer of this Court, verifies that the amount in controversy is less than Seventy-Four Thousand Five Hundred and No/100s ($74,500.00) Dollars.

The Plaintiff respectfully submits to the Court that the principle of law has long been recognized that "Plaintiffs are the master of the Complaint and are free to avoid federal jurisdiction". *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013). That being true, it has been recognized by the Courts that a Plaintiff may "cap its damages recovery at an amount below that which the pleadings might otherwise support, and it is the Plaintiff's prerogative to do so". *Land Clearing Co v. Navistar, Inc.*, 2012 WL 2061741, *5 (S.D. Ala. Jan. 24, 2012). It is the position of the Plaintiff, Personal Touch by J. R. Rivas, Inc., its sole owner, J. R. Rivas, and the undersigned officer of this Court, that the amount claimed is capped at less than Seventy-Four

3

Thousand Five Hundred and No/100s ($74,500.00) Dollars, and the Plaintiff did not and will not seek a higher damages award.

## CONCLUSION

The Plaintiff filed its Complaint seeking Judgment against Redwood Fire and Casualty Insurance Company in an amount less than Seventy-Four Thousand Five Hundred and No/100s ($74,500.00) Dollars. The Plaintiff herein again submits and stipulates that the total claim by the Plaintiff against the Defendant does not exceed Seventy-Five Thousand and No/100s ($75,000.00) Dollars. The affidavit attached hereto reflects that the claim is capped or limited to Seventy-Four Thousand Five Hundred and No/100s ($74,500.00) Dollars or less. The Plaintiff submits that the facts conclusively prove that the amount in controversy does not equal or exceed Seventy-Five Thousand and No/100s ($75,000.00) Dollars. Accordingly, there is no federal jurisdiction and the Plaintiff respectfully prays that this Court will remand the case back to the Marengo County Circuit Court.

RESPECTFULLY submitted this, the 27th day of September, 2019.

/s/ Woodford W. Dinning, Jr.
WOODFORD W. DINNING, JR.
ASB-8970-D52W
LLOYD & DINNING, L.L.C.
Post Office Drawer 740
501 North Walnut Avenue
Demopolis, Alabama 36732
Telephone: (334) 289-0556
Facsimile: (334) 289-5506
wwdjr@ldllc.com
Attorney for the Plaintiff

4

CERTIFICATE OF SERVICE

I, certify that on this, the 27th day of September, 2019, I served the foregoing upon counsel for the Defendants by sending the same via U.S. Mail, postage prepaid, and by electronic mail to:

Connie Ray Stockham, Esq.
Hanna M. Thrasher, Esq.
Stockham, Cooper & Potts, P.C.
505 North 20th Street, Suite 1111
Birmingham, Alabama  35203

WOODFORD W. DINNING, JR.